# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Green, ) | |
| ) | Civil Action No. 8:13-cv-02065-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden Robert Stevenson, III, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Kenneth Green ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel. (ECF No. 1.) This matter is before the court on Respondent Warden Robert Stevenson, III's ("Respondent") Motion for Summary Judgment (ECF No. 15).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On July 30, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 24.) This review considers Petitioner's Objection to Magistrate's Report and Recommendation ("Objections"), filed August 20, 2014. (ECF No. 26.) For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report. The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 15) and **DENIES** the Petition (ECF No. 1).

## FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Petitioner are discussed in the Report. (*See* ECF No. 24.) The court concludes, upon its own careful review of the record, that the magistrate judge's factual summation is accurate and incorporates it by reference. The court will

1

only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at Broad River Correctional Institution, serving a 23 year sentence. (ECF No. 1 at 1.) On September 10, 2009, Petitioner pled guilty to the lesser included offense of voluntary manslaughter on a murder indictment. (ECF No. 24 at 2.) Petitioner filed a notice of appeal on September 15, 2009. (ECF No. 16-3.) On October 15, 2009, the South Carolina Court of Appeals dismissed the appeal for failure to establish any preserved issues for appellate review and issued the remittitur on November 3, 2009. (ECF No. 24 at 2.) On February 5, 2010, Petitioner filed a *pro se* application for Post Conviction Relief ("PCR") alleging ineffective assistance of counsel for failure to provide Petitioner with information about self defense claims and permitted use of deadly force under South Carolina law. (ECF No. 16-1 at 23.) After an evidentiary hearing on September 6, 2010, the PCR court denied and dismissed the application with prejudice on February 15, 2011. (ECF No. 24 at 3.) With the assistance of counsel, Petitioner filed a *Johnson* petition[1] for a writ of certiorari in the South Carolina Supreme Court on September 30, 2011, asserting the sole issue, "Whether defense counsel was ineffective in failing to investigate the SLED ballistic report in this case?" (*See* ECF No. 16-12.) The court denied the petition on July 16, 2013, and remitted the matter to the lower court on August 13, 2013. (ECF No. 24 at 4.)

Petitioner filed the Petition for Writ of Habeas Corpus on July 24, 2013, asserting one ground: "Petitioner was denied the effective assistance of Plea Counsel when counsel failed to investigate the SLED ballistic report before advising Petitioner to enter a plea of guilty, thus

---

[1] The Supreme Court of South Carolina "approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." *Johnson v. State,* 294 S.C. 310, 310 (1988). A *Johnson* petition effectively concedes the appeal lacks a meritorious claim and requests counsel be relieved from representing the petitioner.

Petitioner's plea was involuntary, and the State Courts erred in failing to find counsel ineffective." (ECF No. 1-1 at 3.) Respondent filed a Motion for Summary Judgment on October 4, 2013. (ECF No. 15.) Petitioner filed a response in opposition to the motion on December 3, 2013. (ECF No. 22.) The magistrate judge issued the Report on July 30, 2014, recommending the court adopt Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 24 at 19.) In the Report, the magistrate judge found Petitioner's ineffective assistance of counsel claim to be without merit, as Petitioner could not demonstrate the PCR court had unreasonably applied the *Strickland*[2] and *Hill*[3] standards or demonstrate that the PCR court's decision was contrary to those standards. (ECF No. 24 at 13-18.)

Petitioner timely filed his Objections to the Report on August 20, 2014. (ECF No. 26.)

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

---

[2] *Strickland v. Washington,* 466 U.S. 668, 687 (1984). ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction… has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.")

[3] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). (When assessing ineffective assistance of counsel for a guilty plea, "in order to satisfy the 'prejudice' requirement [of *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.")

3

modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b).  In his Objections, Petitioner fails to address the findings of the magistrate judge in the Report, which discuss the sole habeas claim that Petitioner received ineffective assistance of counsel due to counsel's failure to investigate the ballistic report before advising Petitioner to plead guilty.  Instead, Petitioner attacks the failure of the State to produce a

"physically marked" diagram of the crime scene, makes unsupported assertions that the state court findings are incorrect, and claims his guilty plea was not voluntarily, knowingly, and intelligently given. (ECF No. 26 at 3-4, 7-9.)  Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.

The court does not find clear error and accepts the Report by the magistrate judge. Though the ballistic report is the crux of Petitioner's sole habeas ground, he mentions it only once in his Objection, and then only in passing. (ECF No. 26 at 6.)  Petitioner insists a so-called "physically marked" diagram of the crime scene, in conjunction with the ballistic report, would help Petitioner establish a claim of self defense. (*Id.*)  However, this diagram is not at issue in his Petition (*see* ECF No. 1) and therefore was not addressed by the magistrate judge.  Thus, his arguments regarding the diagram provide no proper objection to the Report.  Further, Petitioner asserts he has "clear and convincing" evidence to rebut the presumption that the factual findings of the state court are correct. (ECF No. 26 at 3, 7-8.)  However, Petitioner fails to present any evidence beyond his own unsubstantiated assertions.

Finally, Petitioner argues, "[t]he record failed to show the Petitioner possessed an understanding of the law in relation to the facts" when making his guilty plea. (*Id.* at 9.) Petitioner argues that the summary of the PCR court's findings ignores his counsel's testimony that counsel "did not advise Petitioner as to the State's burden to prove each and every element of the murder indictment… beyond a reasonable doubt." (*Id.* at 8.)  Indeed, trial counsel stated at the PCR hearing that he probably "didn't exactly tell [Petitioner] that *in so many words.*" (ECF No. 16-2 at 36, emphasis added.)  However, Petitioner offers no facts to support his

assertion that this portion of testimony was not taken into account by the PCR court or the magistrate judge. In addition, Petitioner's ineffective assistance of counsel claims turn on counsel's alleged failure to provide information on a self defense claim (in the PCR proceeding) and alleged failure to investigate the ballistic report, and thus, those issues were the focus of the discussion in the PCR court's Order of Dismissal and the Report. (*See* ECF No. 16-2 at 53-59; ECF No. 24.) Further, Petitioner does not offer facts that show counsel's failure to use the exact phrasing meant Petitioner did not understand the State's burden of proof. As the magistrate judge noted, the record shows that the judge at Petitioner's plea hearing explained that if Petitioner went to trial, it was the State's burden to prove Petitioner guilty beyond a reasonable doubt. (ECF No. 24 at 17; *see also* ECF No. 16-1 at 6-7.) The magistrate judge further noted that the plea judge asked Petitioner if his counsel had explained the charges and evidence against him and if he understood and still wanted to plead guilty, and Petitioner replied that he did. (ECF No. 24 at 18; *see also* ECF No. 16-1 at 10.) Petitioner points to no specific portion of the record to refute this. As such, Petitioner has demonstrated no facts or arguments to show the magistrate judge's findings were in error.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the magistrate judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the magistrate judge (ECF No. 24). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 15) is **GRANTED** and the Petition (ECF No. 1) is **DENIED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 26, 2014
Columbia, South Carolina